**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 16-6351

_____

COREY D. GREENE,

             Plaintiff - Appellant,

      v.

OFFICER ROBERSON,

             Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.    James C. Dever III, Chief District Judge.  (5:12-ct-03178-D)

_____

Submitted:  August 25, 2016        Decided:  August 30, 2016

_____

Before NIEMEYER, DIAZ, and FLOYD, Circuit Judges.

_____

Dismissed in part; affirmed in part by unpublished per curiam opinion.

_____

Corey D. Greene, Appellant Pro Se.   Judith Maria Estevez, Assistant Attorney General, Joseph Finarelli, Special Deputy Attorney General, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corey D. Greene seeks to appeal the district court's orders granting Defendant Roberson's motion for summary judgment and denying Greene's Fed. R. Civ. P. 59(e) motion and his Fed. R. Civ. P. 60(b) motion. We dismiss in part and affirm in part.

In civil actions in which the United States is not a party, parties are accorded 30 days after the entry of final judgment to note an appeal. Fed. R. App. P. 4(a)(1)(A). If a party files a Rule 59 motion to alter or amend the judgment, the time for filing a notice of appeal starts to run upon the entry of the order disposing of the motion. Fed. R. App. P. 4(a)(4)(A)(iv). The timely filing of a notice of appeal, as established by the provisions of Rule 4(a), is a jurisdictional requirement. Bowles v. Russell, 551 U.S. 205, 214 (2007).

Here, the district court entered judgment against Greene on February 17, 2015, and denied his Rule 59(e) motion for reconsideration on August 11, 2015. Accordingly, Greene's notice of appeal had to be filed no later than September 10, 2015.[1] Because Greene did not file a notice of appeal within 30 days of the district court's order, did not seek an extension of

---

[1] Greene's August 2015 Rule 60(b) motion to vacate does not affect the calculation of the deadline for his notice of appeal because it was not filed within 28 days of the entry of the judgment Greene sought to vacate. See Fed. R. App. P. 4(a)(4)(A)(vi).

2

the appeal period, and could not now move to reopen the time to file an appeal,[2] this court lacks jurisdiction to consider his appeal of the district court's orders granting the motion for summary judgment and denying the Rule 59(e) motion for reconsideration. Accordingly, we dismiss this portion of the appeal.

Greene did timely appeal the district court's order denying his Rule 60(b) motion to vacate. We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. Greene v. Roberson, No. 5:12-ct-03178-D (E.D.N.C. Feb. 23, 2016). Because no in-court hearings were held, we deny Greene's motion for a transcript at the government's expense. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART

---

[2] The district court lacks authority to grant a motion to reopen the time to file an appeal if the motion is filed more than 180 days after the judgment or order is entered. Fed. R. App. P. 4(a)(6)(B).

3